UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
------------------------------------------------------------ X
ADINA'S JEWELS, INC.,                       :
                                            :
                        Plaintiff,          :
        -against-                           :
                                            :
SHASHI, INC.,                               :
                                            :
                                            :
                        Defendant.          :
------------------------------------------------------------ X
```

**ORDER GRANTING MOTION TO DISMISS AND DENYING MOTION TO REMAND**

19 Civ. 8511 (AKH)

ALVIN K. HELLERSTEIN, U.S.D.J.:

This matter arises out of a dispute between two jewelry merchants—Adina's Jewels, Inc. ("Adina") and Shashi, Inc. ("Shashi"). Adina first filed a complaint in New York state court, alleging that Shashi had ordered jewelry from Adina's website, and then used this merchandise to create "knock offs" of Adina's jewelry, which Shashi offered for sale to its own customers. Adina's complaint includes three state-law causes of action: (1) unfair competition; (2) unjust enrichment; and (3) violation of N.Y. Gen. Business Law ("GBL") § 349. ECF No. 1-1. Shashi timely filed a notice of removal pursuant to 28 U.S.C. § 1441, arguing that removal is proper because Adina's complaint, although technically framed in terms of state causes of action, in fact sounds in copyright infringement, *see* 17 U.S.C. §§ 101 *et seq.*, thus triggering exclusive federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Now before the Court are (1) a motion by Adina to remand the case back to state court, and (2) a motion by Shashi to dismiss the complaint for failure to state a claim and due to "complete preemption." For the reasons that follow, Shashi's motion to dismiss is granted and Adina's motion to remand is denied.

## Background

The following facts derive from Adina's state court complaint, ECF No. 1-1 (hereinafter, "Comp."), and are assumed true for the purpose of resolving the pending motions.

1

*See, e.g., Scottsdale Insurance Company v. Acceptance Indemnity Insurance Co.*, 19 Civ. 7294, 2019 WL 6498316, at *1 (S.D.N.Y. Dec. 3, 2019); *In re Standard & Poor's Rating Agency Litigation*, 23 F.Supp.3d 378, 385 (S.D.N.Y. 2014).

A. The parties

Adina is a corporation based in New York and organized under New York law. Comp. at ¶ 2. Adina designs and sells jewelry to wholesale, retail, and online customers. *Id.* at ¶ 4. Throughout its complaint, Adina alleges that its jewelry is high in its quality, distinctive in its appearance, and popular among elite clientele. *See, e.g., id.* at ¶ 5 (the "jewelry is distinctive and signifies to members of the consuming public" that it is of "the highest standard of quality"); ¶ 9 (noting that Adina jewelry "has been seen on . . . celebrities such as Ariana Grande," known for, among other iconic contributions to the musical discourse, *"Thank U, Next"*).

Shashi is, similarly, a corporation based in New York and organized under New York law. *Id.* at ¶ 3. Like Adina, Shashi is a jewelry wholesaler and retailer. *Id.* at ¶ 13.

B. The alleged unlawful conduct

The gravamen of Adina's complaint is that Shashi ordered a large quantity of Adina jewelry, used the jewelry to copy Adina's designs, and, to this day, offers to Shashi's own customers the "knock off" jewelry. *See id.* at ¶ 14 (Shashi "copies . . . and intentionally, 'knocks off' and misappropriates both exact copies of and the look [and feel] . . . of Adina's jewelry"); ¶ 17 (Shashi "surreptitiously ordered thousands of dollars worth of jewelry from Adina[]"); ¶ 24 (Shashi "is . . . offering on its website, jewelry the same or substantially similar to the inventory ordered from Adina's, and is offering for sale . . . virtual exact knock offs").

C. Procedural history

Adina filed its complaint in the Supreme Court of New York County, Case No. 654454/2019, on August 5, 2019. As noted *supra*, the complaint asserts three state-law causes of action: (1) unfair competition; (2) unjust enrichment; and (3) deceptive business acts in violation of GBL § 349. Shashi was served on August 13, *see* ECF No. 1-2, and timely filed a notice of removal on September 12, *see* ECF No. 1. On October 3, Shashi moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *See* ECF No. 15. On December 5, Adina filed a motion opposing dismissal and seeking a remand to state court. *See* ECF No. 19. The dueling motions became fully briefed on February 18, 2020.

**Discussion**

A. Federal jurisdiction and preemption

1. Legal principles

Under section 1338(a) of Title 28, federal district courts have "original and *exclusive* jurisdiction over civil actions 'arising under' any Congressional act relating to patents, plant variety protection, copyrights, and trademarks." *Briarpatch Ltd. L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 303 (2d Cir. 2004) (emphasis added).[1] For "an action to arise under one of these acts, the . . . complaint must establish either that the act creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of law under the act." *Id.* at 303-04. When a plaintiff has not "expressly pleaded copyright violations

---

[1] As the Second Circuit has explained, "States originally exercised concurrent power over copyright as long as their laws did not conflict with federal statutory protections. The Copyright Act of 1976 ended this unwieldy arrangement by implementing a uniform system of copyright protection." *Barclays Capital Inc. v. Theflyonthewall.com, Inc.*, 650 F.3d 876, 909 (2d Cir. 2011) (Raggi, J., concurring) (citations and quotation marks omitted).

3

anywhere in the[] complaint," courts must proceed to consider whether the state law causes of action are nonetheless "preempted" by federal law. *See id.* at 304.

Although "[p]reemption does not necessarily confer jurisdiction, since it is generally a defense to plaintiff's suit and, as such, [] does not appear on the face of well-pleaded complaint," the doctrine of "complete preemption" is a well-worn exception to this rule. *See id.* (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987)). Under the complete-preemption doctrine, "'certain federal statutes are construed to have such extraordinary preemptive force that state-law claims coming within the scope of the federal statute are transformed, for jurisdictional purposes, into federal claims—*i.e.*, completely preempted.'" *Mourabit v. Klein*, 393 F.Supp.3d 353, 359 (S.D.N.Y. 2019) (quoting *Sullivan v. American Airlines, Inc.*, 424 F.3d 267, 272 (2d Cir. 2005)). "The Second Circuit has held that the Copyright Act is one such statute." *Id.*

The Copyright Act, 17 U.S.C. §§ 101 *et seq.*, "completely preempts a state law claim if '(i) the work at issue comes within the subject matter of copyright,'" and "'(ii) the right . . . asserted is equivalent to any of the exclusive rights within the general scope of copyright.'" *Mourabit*, 393 F.Supp.3d at 359 (quoting *Forrest Park Pictures v. Univ. Tel. Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012)) (alterations omitted). The first criterion is known as the "subject matter requirement"; the second, the "general scope requirement." *Id.* The subject-matter prong is satisfied "if the claim applies to a work of authorship fixed in a tangible medium of expression and falling within the ambit of one of the categories of copyrightable works." *Briarpatch*, 373 F.3d at 305. The general-scope prong is satisfied "when the state-created right may be abridged by an act that would, by itself, infringe one of the exclusive rights provided by federal copyright law." *Id.* In other words, "the state law claim must involve an act of reproduction, adaptation, performance, distribution or display." *Id.*

4

Last, "the state law claim must not include any extra elements that make it qualitatively different from a copyright infringement claim." *Id.* The Second Circuit takes "a restrictive view of what extra elements transform an otherwise equivalent claim into one that is qualitatively different from a copyright infringement claim." *Id.* at 306; *see id.* ("Awareness or intent, for instance, are not extra elements that make a state law claim qualitatively different."); *Nat. Basketball Ass'n v. Motorola, Inc.*, 105 F.3d 841, 851 (2d Cir. 1997) ("The 'extra element' test should not be applied so as to allow state claims to survive preemption easily."). If a court finds a state law claim to be completely preempted, it "must then dismiss the claim for failing to state a cause of action." *Briarpatch*, 373 F.3d at 306.

2. Application

For the reasons that follow, Adina's state-law causes of action are all preempted by the Copyright Act.

i. *Unfair competition*

Adina's unfair competition claim is: Shashi is offering, "on its own website," "jewelry" that is "substantially similar" to, or a "virtual exact knock off[] of," Adina's. Comp. at ¶ 24. Adina does not—and indeed, cannot—dispute that the subject matter requirement is met in this case. Jewelry falls within the purview of the Act, as has been held by other courts in this district. *See, e.g., Wolstenholme v. Hirst*, 271 F.Supp.3d 625, 642 (S.D.N.Y. 2017) ("Jewelry is subject to copyright protection."); *Ronald Litoff, Ltd. v. American Express Co.*, 621 F.Supp. 981, 984 (S.D.N.Y. 1985) ("There is no doubt that artistic jewelry is copyrightable.").

As to the general scope requirement, the Copyright Act preempts unfair competition claims "grounded solely in the copying of a plaintiff's protected expression." *Mourabit*, 393 F.Supp.3d at 362 (quotations omitted). "'Courts in this Circuit have consistently

5

held that claims for misappropriation of rights within the scope of copyright brought under New York unfair competition law are preempted.'" *Id.* (quoting *Am. Movie Classics Co. v. Turner Entm't Co.*, 922 F.Supp. 926, 933 (S.D.N.Y. 1996)). As such, a "'claim that a defendant has reproduced the plaintiff's work and sold it under the defendant's name . . . is preempted by the Copyright Act.'" *Id.* (quoting *Am. Movie Classics*, 922 F.Supp. at 934).

Here, Adina alleges that Shashi is "copying and knocking off Adina's highly stylized jewelry products" without permission. Comp. ¶ 28. Under Adina's theory of this case, the acts of copying and unauthorized use trigger Shashi's liability. This neatly falls within the bounds of the infringement protection offered by § 106 of the Copyright Act.

That Adina alleges in passing that Shashi's copying has damaged Adina's "trademark" and caused "confusion" in the general public, *see id.* at ¶¶ 30, 34—claims that in different circumstances might state a claim of trademark infringement beyond the scope of the Copyright Act's preemptive force, *see, e.g., Transcience Corp. v. Big Time Toys, LLC*, 50 F.Supp.3d 441, 454 (S.D.N.Y. 2014)—the alleged confusion here "arises only from [the] alleged copying," *Eyal*, 784 F.Supp.2d at 447. Adina's unfair competition claim is bereft of all the requisite markers of a trademark infringement claim. For instance, Adina does not claim that Shashi is selling knock off jewelry and representing it as Adina's. *See Am. Movie Classics*, 922 F.Supp. at 934 ("A claim that a defendant has reproduced the plaintiff's work and sold it under the defendant's name—even if denominated 'passing off' by the plaintiff—is preempted by the Copyright Act."); *Shepard v. European Pressphoto Ag.*, 291 F.Supp.3d 465, 476 (S.D.N.Y. 2017) ("It is well-settled that a claim for reverse passing off predicated on the theory that defendant's product replicates plaintiff's expressions contains no extra element and is therefore preempted.") (quotations omitted) (collecting cases).

6

Nor does the fact that Adina alleges that Shashi copied its jewelry in a "deceptive" manner, *see* Pl. Reply Mem., ECF No. 25, at 5, meaningfully change the picture. Shashi's purported bad faith in copying does not alter the reality that the harm in this case stems wholly from the alleged copying. *See Briarpatch*, 373 F.3d at 306 ("Awareness or intent . . . are not extra elements that make a state law claim qualitatively different."); *Eyal*, 784 F.Supp.2d at 447 ("As pleaded . . . Eyal has simply attempted to dress up its claim that Jewelex has copied its design."); *id.* ("In order to avoid preemption, that which is claimed to be unfair competition must be something different from copying, or the fruits of copying, or the intent or bad faith that can be inferred from the act of copying."). Adina's unfair competition claim is, for all these reasons, preempted, subject to this Court's jurisdiction, and dismissed.

ii. *Unjust enrichment*

So too is Adina's unjust enrichment claim preempted. Unjust enrichment under New York law requires showing that "(1) defendant was enriched, (2) at plaintiff's expense, and (3) equity and good conscience militate against permitting defendant to retain what plaintiff is seeking to recover." *Briarpatch*, 373 F.Supp.3d at 306. As courts in this district have observed, "The overwhelming majority of courts in this circuit have held that an unjust enrichment claim based upon the copying of subject matter within the scope of the Copyright Act is preempted." *Mourabit*, 393 F.Supp.3d at 361 (quotations omitted) (collecting cases).

The crux of Adina's thinly pleaded unjust enrichment claim is that Shashi has been enriched by selling jewelry that is either identical or nearly identical to jewelry designed by Adina. Comp. at ¶¶ 18-25, 38. This claim "falls squarely within the ambit of [17 U.S.C.] § 106 of the Copyright Act, because it is simply alleging harms arising from . . . alleged copying," *Eyal*

*R.D. Corp. v. Jewelex New York Ltd.*, 784 F.Supp.2d 441, 448 (S.D.N.Y. 2011); *see Mourabit*, 393 F.Supp.3d at 393. Adina's unjust enrichment claim is therefore dismissed.

### iii. *GBL § 349*

Finally, Adina's claim under GBL § 349[2] is preempted. While in some cases, "rights asserted in a GBL § 349 claim . . . may not be preempted," *We Shall Overcome Found. v. Richmond Org., Inc. (TRO Inc.)*, 221 F.Supp.3d 396, 412 (S.D.N.Y. 2016), preemption is the fate of GBL § 349 claims that, as here, target alleged harm arising out of a defendant's copying of the plaintiff's copyrightable material, *see, e.g., id.*; *Eyal*, 784 F.Supp.2d at 449-50; *cf. Mourabit*, 393 F.Supp.3d at 362. Adina seeks refuge in *In re Houbigant Inc.*, 914 F.Supp. 964, 983 (S.D.N.Y. 1995), but that dispute involved allegations of false advertising of counterfeit goods—allegations wholly absent here[3]—and, as such, only bolsters the Court's finding of preemption.

Even if Adina's GBL § 349 claim were not preempted (which it is), it would fail to adequately state a claim for relief. Adina's core contention is that Shashi should be held liable for selling jewelry that is identical to Adina's, but "disputes between competitors where the core of the claim is harm to another business as opposed to consumers . . . constitute[s a] situation[] which courts have found to reflect a public harm that is too insubstantial to satisfy the pleading requirements of § 349," *Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 277 F.Supp.2d 269, 273 (S.D.N.Y. 2003) (collecting cases).

### 3. Adina's arguments

---

[2] To assert a claim under GBL § 349, "a plaintiff must allege that a defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Mourabit*, 393 F.Supp.3d at 362 (quotation marks omitted).

[3] True, the Complaint conclusorily states that Shashi's sales are "causing confusion . . . as to the origin of [their] jewelry," but the Complaint does not anywhere accuse Shashi of passing of its own goods as Adina's. Precisely the opposite: Adina's accuses Shashi of selling the jewelry on Shashi's own website.

8

The foregoing arguments dispose of all but one of Adina's contentions. In its opening brief opposing preemption, Adina offers a healthy portion of bluster,[4] but fails to cite or apply the relevant case law. Instead, Adina urges that the *Supreme Court* has "only found three statutes to have the requisite extraordinary preemptive force to support complete preemption," none of which are the Copyright Act. Thus, Adina continues, "this Action cannot be removed." Pl. Mem., ECF No. 20, at 3. This argument rests on the incorrect premise that this Court is only bound to follow the Supreme Court. As it happens, we are also obligated to follow the rulings of another familiar body: The Second Circuit. The Second Circuit, for its part, has squarely held that the complete preemption doctrine extends to the Copyright Act, *see Briarpatch*, 373 F.3d at 305, and this holding has been routinely applied to cases like this one, *see supra*.[5] While Adina, having newly discovered *Briarpatch* and its progeny, contends in its reply briefing that unjust enrichment and unfair competition possess elements that qualitatively differentiate those claims from infringement, these arguments lack merit for the reasons already discussed, *supra*.

B. Plaintiff's request for fees and costs

Adina asks that this Court award it "attorneys' fees and costs incurred as a result of Shashi's improper removal." Pl. Mem., ECF No. 20, at 2. In light of my ruling that Shashi's removal was proper, I deny Adina's request for fees and costs. *See, e.g., Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorneys' fees under [28 U.S.C.] § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

---

[4] *See, e.g.,* Pl. Mem., ECF No. 20, at 2 ("[T]he case for remand is irrefutable"), 4 n.1 ("In a dishonest attempt to mislead the Court, Shashi labels Adina's claims as 'sounding in copyright infringement'"), 4 n.1 ("To achieve the impossible, Shashi distorts a [sic] the holding . . ."), 20 ("Shashi's allegations here are . . . deceptive").

[5] Shashi discussed *Briarpatch* and subsequent doctrine applying *Briarpatch*'s holding at length in its brief arguing in favor of preemption (which brief of course predated Adina's reply). *See* Def. Mem., ECF No. 16, at 3-9.

9

## Conclusion

Shashi's motion to dismiss is granted and Adina's motion for remand is denied. The Clerk is directed to terminate the open motions, ECF Nos. 15, 19, and mark the case closed.

It is possible that Adina may have a non-preempted basis to state a cause of action under New York law, *e.g.*, an action based, not on copying or deception based on nothing more than copying, but on deception based on other facts. Today's ruling is not intended to foreclose the possibility of such a pleading in the New York Supreme Court.

SO ORDERED.

Dated: February 27, 2020
New York, New York

ALVIN K. HELLERSTEIN
United States District Judge